ANDREW J. WAXLER, SBN. 113682
GRETCHEN S. CARNER, SBN. 132877
**KAUFMAN DOLOWICH & VOLUCK, LLP**
11755 Wilshire Blvd., Suite 2400
Los Angeles, California 90025
Telephone:   (310) 775-6511
Facsimile:    (310) 575-9720

E-mail:  awaxler@kdvlaw.com
E-mail:  gcarner@kdvlaw.com

Attorneys for Defendants
AMERICAN INTERNATIONAL
GROUP, INC. and LEXINGTON
INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERITRUST FINANCIAL, LLC, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> SHERI PONTOLILO; E&O PROFESSIONAL RISK MANAGEMENT & INSURANCE SERVICES, LLC; INTEGRO LTD; ODYSSEY INVESTMENT PARTNERS, LLC; AMERICAN INTERNATIONAL GROUP, INC.; LEXINGTON INSURANCE COMPANY; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 8:17-cv-00088-CJC-KES <br><br> [Assigned to Hon. Cormac J. Carney] <br><br> **STIPULATION TO STAY CASE PENDING COMPLETION OF MEDIATION** <br><br> [Filed concurrently with Proposed Order] |

## **STIPULATION**

Plaintiff VERITRUST FINANCIAL, LLC, ("Plaintiff") and Defendant LEXINGTON INSURANCE COMPANY ("Lexington"), hereby stipulate, through their undersigned counsel of record, the following:

1.    WHEREAS this action involves a coverage dispute between the parties in connection with an insurance policy issued by Lexington.

2.    The Lexington policy provides in pertinent part:

"18.   ALTERNATIVE DISPUTE RESOLUTION PROCESS

It is hereby understood and agreed that all disputes or differences which may arise under or in connection with the policy, whether arising before or after termination of this policy, including any determination of the amount of Loss, shall be subject to the alternative dispute resolution process ("ADR") set forth in this clause.

Either the Insurer or the Insured(s) may elect the type of ADR discussed below; provided, however, that the Insureds shall have the right to reject the Insurer's choice of ADR at any time prior to its commencement, in which case the Insureds' choice of ADR shall control.

The Insurer and the Insured(s) agree that there shall be two choices of ADR: (1) non-binding mediation . . ., in which the Insurer and Insureds shall try in good faith to settle the dispute by mediation . . .; or (2) arbitration . . .

In the event of mediation, either party shall have the right to commence a judicial proceeding; provided, however, that no such judicial proceeding shall be commenced until the mediation shall have been terminated and at least 120

1   days shall have elapsed from the date of the termination of

2   the mediation."

3       3.     The parties have met and conferred about the ADR provision in the

4   Lexington policy and have agreed to mediate this dispute pursuant to the terms of

5   the Lexington policy prior to litigation of this case.

6       4.     The parties hereby stipulate that this action should be stayed until 120

7   days after the mediation is completed.  The  parties anticipate that the mediation will

8   be completed in the next 90 days.  Therefore, the parties jointly request the Court to

9   stay this case until October 1, 2017.

10      IT IS SO STIPULATED.

11

12  DATED:  March 3, 2017        FLAHERTY HENNESSY, LLP

13

14                              By:    /s/ Sarah Hennessy
15                                     SARAH HENNESSY
                                       RAQUEL A. FLAHERTY
16                                     Attorneys for Plaintiff
17                                     VERITRUST FINANCIAL, LLC

18  DATED: March 3, 2017         KAUFMAN DOLOWICH VOLUCK LLP

19

20                              By:    /s/ Andrew J. Waxler
21                                     ANDREW J. WAXLER
                                       GRETCHEN S. CARNER
22                                     Attorneys for Defendants
23                                     AMERICAN INTERNATIONAL GROUP,
                                       INC. and LEXINGTON INSURANCE
24                                     COMPANY

25

26  *Filer's Attestation:  Pursuant to Local Rule 5-4.3.4(a)(2)(i) regarding signatures,*
    *Andrew J. Waxler hereby attests that concurrence in the filing of this document and*
27  *its content has been obtained by all signatories listed.*

28  4820-9288-0452, v. 1

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
COUNTY OF LOS ANGELES        )

  I am employed in Los Angeles County. My business address is 11755 Wilshire Blvd., Suite 2400, Los Angeles, California, 90025, where this mailing occurred. I am over the age of 18 years and am not a party to this cause. I am readily familiar with the practices of KAUFMAN DOLOWICH & VOLUCK LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

  On March 3, 2017, I served the foregoing documents on the interested parties in this action entitled as follows:

**STIPULATION TO STAY CASE PENDING COMPLETION OF MEDIATION**

[XX] by placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

***See Attached Service List***

[XX] (**BY MAIL**) I placed such envelope for collection and mailing on this date following ordinary business practices.

[XX] (**BY THE COURT'S ECF SYSTEM**) I caused each such document(s) to be transmitted electronically by posting such document electronically to the ECF website of the United States District Court for the Central District of California – Southern Division, on all ECF- registered parties in the action.

[ ] (**BY FEDERAL EXPRESS**) I am "readily familiar with the firm's practice of collection and processing correspondence for mailing via Express Mail (or another method of delivery providing for overnight delivery pursuant to *C.C.P.* § 1005(b)). Under that practice, it would be deposited with the United States Postal Service or other overnight delivery carrier (in this case, Federal Express) on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

[ ] (**STATE**) I declare under penalty of perjury that the foregoing is true and correct.

[XX] (**FEDERAL**) I declare that I am employed in the office of a member of the bar of this court at whose direction the services was made.

  Executed on March 3, 2017, at Los Angeles, California.

       */s/ Celia Flippin*
       CELIA FLIPPIN

## Service List

***Veritrust Financial, LLC vs. Sheri Pontolilo, et al.***
***United States District Court Case No. 8:17-cv-00088-CJC-KES***

***Attorneys for Plaintiff***
***VERITRUST FINANCIAL, LLC***

Sarah Hennessy, Esq.
Raquel A. Flaherty, Esq.
FLAHERTY HENNESSY, LLP
8055 W. Manchester Ave, Suite 420
Playa del Rey, CA  90293

T:  310.305.1280
F:  310.305.1210
E:  *sarah@fhattorneys.com*

4816-7638-4579, v.  1

2
PROOF OF SERVICE